**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

HENRY WATKINS                                                                                    PLAINTIFF

v.                                              4:18cv00605-DPM-JJV

DOC HOLLADAY,
Pulaski County Jail; *et al.*                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.    INTRODUCTION

Henry Watkins ("Plaintiff") is incarcerated at the Pulaski County Detention Facility and filed this action *pro se* pursuant to 42 U.S.C. § 1983.  (Doc. Nos. 1, 6, 10.)  He alleges he has been subjected to inadequate security and lockdowns, among other things.  (Doc. No. 10 at 5-6.)  He seeks $21.5 million in damages.  (*Id*. at 7.)  After careful review of Plaintiff's Second Amended Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II.    SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.    ANALYSIS

In Plaintiff's original and Amended Complaints, he alleged one deputy was assigned to observe two units at the Pulaski County Detention Facility, together consisting of over 150 detainees, "for hours at a time" every day. (Doc. Nos. 1 at 3, 6 at 4.) He alleged this threatened his security and also caused him to remain on lockdown, preventing him from calling his lawyer, bondsman, and family. (*Id*.) In a prior Order, I offered Plaintiff an opportunity to further amend his allegations to cure various deficiencies, including that he had alleged no injury and did not specify how much time he spent on lockdown. (Doc. No. 9 at 3-5.) Plaintiff has now filed a Second Amended Complaint (Doc. No. 10), which again fails to state a claim on which relief can be granted.

First, as I noted in the prior Order, the only named Defendants in the Amended Complaint were Doc Holladay, whom Plaintiff made no mention of or allegation against in his "Statement of Claim," and the Pulaski County Sheriff's Office, which is not a juridical entity amenable to suit

3

under § 1983.  *See Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992).  (Doc.

No. 9 at 3-4.)  Plaintiff's Second Amended Complaint adds several individual Defendants but

again fails to make any mention of or allegation against them.  (Doc. No. 10 at 1-3, 5-6.)  "Liability

under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."

*Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).  Thus, in order to state a cognizable

§ 1983 claim, a complaint must set forth specific factual allegations showing what each named

defendant allegedly did, or failed to do, that purportedly violated the plaintiff's constitutional

rights.  *See, e.g.*, *Dockery v. City of Garland*, 2011 WL 1167082, Case No. 4:10CV04071-HFB-

JRM, at 2 (W.D. Ark. 2011).  To the extent Plaintiff intends to hold any defendant responsible

based solely on his or her position as a supervisory official, that claim fails.  *See Boyd v. Knox*, 47

F.3d 966, 968 (8th Cir. 1995) (there is no *respondeat superior* liability under § 1983); *see also*

*Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("[A] general responsibility for

supervising the operations of a prison is insufficient to establish the personal involvement required

to support liability.").

Second, as I noted in the prior Order, Plaintiff's Amended Complaint failed to allege he

had been injured in any way.  (Doc. No. 9 at 4.)  His Second Amended Complaint similarly fails

to allege any injury and merely points out possible scenarios in which a detainee could be injured,

saying "[s]ome inmates have health issues" and "someone [could] ha[ve] a seizure" or "get into a

serious fight."  (Doc. No. 10 at 5.)  Plaintiff's failure to allege a specific injury resulting from the

purported security risk is fatal to his claim for compensatory damages.  *See* 42 U.S.C. § 1997e(e)

("[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other

correctional facility, for mental or emotional injury suffered while in custody without a prior

showing of physical injury"); *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (citing *Carey*

*v. Piphus*, 435 U.S. 247, 253-55 (1978)) ("Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation."); *Johnson v. State of Mo.*, 142 F.3d 1087, 1088 (8th Cir. 1998) (to establish standing, a party must have suffered an injury-in-fact fairly traceable to the defendant's conduct). Moreover, to the extent Plaintiff intends to state claims on behalf of his fellow detainees, he lacks standing to do so. *See Singleton v. Wulff*, 428 U.S. 106, 114 (1976) (quoting *Barrows v. Jackson*, 346 U.S. 249, 255 (1953)) (absent an applicable exception, "one may not claim standing . . . to vindicate the constitutional rights of some third party").

Third, my prior Order noted Plaintiff's Amended Complaint was unclear on the amount of time he spent in lockdown. (Doc. No. 9 at 4-5.) His Second Amended Complaint does not provide additional detail, only saying he was locked down "for a majority of [his] time." (Doc. No. 10 at 5.) He again alleges he was unable to call his lawyer, bondsman, and family; he also mentions being unable to shower, exercise, and watch television during lockdown times. (*Id.*) These allegations are insufficient to state a claim to relief. Limitations on telephone privileges generally do not violate the First Amendment. *See, e.g.*, *Holloway v. Magness*, 666 F.3d 1076, 1079 (8th Cir. 2012); *Whitfield v. Dicker*, 41 Fed. App'x 6, at 1 (8th Cir. 2002) (unpublished per curiam). And although pretrial detainees have a right to meaningful access to the courts, which includes the opportunity to consult with counsel, "[t]he extent to which that right is burdened by a particular regulation or practice must be weighed against the legitimate interests of penal administration." *Johnson-El v. Schoemehl*, 878 F.2d 1043, 1052 (8th Cir. 1989) (quoting *Procunier v. Martinez*, 416 U.S. 396, 420 (1974)). Plaintiff has not alleged the practice at issue here, which apparently resulted in temporary lockdowns, hindered any effort to pursue a legal claim concerning his sentence or the conditions of his confinement. *Lewis v. Casey*, 518 U.S. 343, 351-55 (1996)

(setting forth actual injury requirement for access to courts claim).  Additionally, while limited access to showers and exercise opportunities can violate a pretrial detainee's due process right to be free from punitive conditions of confinement, *see Villanueva v. George*, 659 F.2d 851, 854 (8th Cir. 1981); *Campbell v. Cauthron*, 623 F.2d 503, 507 (8th Cir. 1980), Plaintiff's allegations indicate he was only restricted from showering and exercising during certain times of day. Moreover, Plaintiff has no constitutionally protected right to watch television, *see Russell v. Helder*, 2016 WL 4014106, Case No. 5:15CV05082, at 6 (W.D. Ark. June 28, 2016) (recommended decision), or to do so at all hours.

Finally, Plaintiff's Second Amended Complaint adds several unrelated allegations, including that he was penalized in various ways for requesting grievance forms, he is "physiologically afraid" of the people who look after him, and detainees are moved to solitary confinement if they "bother the staff [too] much." (Doc. No. 10 at 6.)  Plaintiff also mentions unspecified problems with the commissary and food.  (*Id.*)  These allegations are factually unrelated to Plaintiff's claims regarding the alleged security threat and lockdowns; therefore, they are unsuited for prosecution in a single action against multiple defendants pursuant to Federal Rule of Civil Procedure 20(a)(2).  If Plaintiff wishes to proceed on these claims, he may do so in a separate action.

Despite being given an opportunity to cure the defects noted above, Plaintiff's Second Amended Complaint fails to plead enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp.*, 550 U.S. at 570.  I note Plaintiff includes the name of another prospective plaintiff on his form. (Doc. No. 10 at 1.)  Plaintiff is advised that if this prospective plaintiff wishes to proceed with any claim, he must submit a signed complaint on his own behalf, accompanied by

either the statutory filing fee of $400.00 or an Application to Proceed Without Prepayment of Fees and Affidavit.

## IV.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.     Plaintiff's Second Amended Complaint (Doc. No. 10) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.     Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 15th day of October, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows:  "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."